### WALTER FARNSWORTH *vs.* CITY OF BOSTON.

Suffolk.   March 29. — November 25, 1878.

A petition for the assessment of damages for land taken, under the St. of 1873, c. 340, to abate a nuisance, was filed by the owner of the equity of redemption of a lot of land so taken. Subsequently, the mortgagee filed a separate petition to have his damages assessed, and the two were ordered to be tried together. The jury estimated the value of the land at a sum less than the mortgage, and a verdict was returned for the mortgagee for the assessed value; and for the respondent on the petition of the owner of the equity of redemption, and judgment was ordered accordingly, with costs to the respondent. *Held*, on exceptions to this order, alleged by the owner of the equity of redemption, that the two petitions should not have been tried together; and that the case must stand for further proceedings.

PETITION to the Superior Court, filed December 18, 1876, for a jury to assess the damages occasioned to the petitioner by the taking by the respondent of a lot of land in Boston, under the St. of 1873, c. 340.

After the filing of this petition, Henrietta Goldsmith filed her petition for damages suffered by her as mortgagee of the same land by the same taking; and the trial of Farnsworth's case was postponed to allow of proper notice to the city of Goldsmith's petition. The judge ordered both cases to be tried together, before one jury.

At the trial, before *Dewey*, J., it appeared that on December 29, 1876, the city awarded as damages, for the taking of the land, the sum of $8,139. It was agreed by all parties that Gold-

smith's mortgage exceeded $13,000. The jury found the value of the land to be, with interest, $12,073.44; and, after deducting certain sums due the city, returned a verdict of $10,496.66 for Goldsmith; and she accepted the verdict, and collected the same, with her costs, on execution against the city. The jury also returned a verdict for the city in Farnsworth's case.

Farnsworth asked that judgment be entered for the city without costs, because the damages were increased above the sum before offered by the city. The judge refused this request, and, at the end of the term, passed a general order for judgment. Farnsworth alleged exceptions.

*J. P. Treadwell*, for Farnsworth.

*E. P. Nettleton*, for the respondent.

LORD, J. This petition was by order of the court tried with another filed by a mortgagee of the land claimed by the petitioner. Such a proceeding, under the decision in *Farnsworth v. Boston, ante,* 1, was irregular, and there was a mistrial. Upon the mere question of costs which is presented, the court rightfully ordered judgment for costs for the respondent, if the general judgment for the respondent upon the merits was right. The facts presented by the bill of exceptions show the whole proceeding to have been erroneous, and the only disposition we can make of the case is to permit it to stand in the Superior Court for such proceedings as the parties and that court shall deem proper, in view of that decision.

*Ordered accordingly.*